# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK DAVID KELLER, | ) | Case No. CV 12-5036-CJC (JEM) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | DISMISSING COMPLAINT WITH LEAVE |
| | ) | TO AMEND |
| B. MAGANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 8, 2012, Mark David Keller ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,

901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by

1    amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also

2    Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

3         After careful review and consideration of the Complaint under the relevant standards

4    and for the reasons discussed below, the Court finds the Complaint must be **DISMISSED**

5    **WITH LEAVE TO AMEND.**

6                              **PLAINTIFF'S ALLEGATIONS**

7         Plaintiff alleges the following in the Complaint:

8         Plaintiff is a prisoner who, at all relevant times, was incarcerated at the Federal

9    Correctional Institution at Lompoc ("FCI-Lompoc").

10        All of the defendants are employees of the Federal Bureau of Prisons ("BOP") who,

11   at all relevant times, were assigned to FCI-Lompoc.  (Complaint at 6.)

12        On or about January 21, 2012, Plaintiff's locker was searched.  Defendant Rains

13   conducted the search, and noticed pictures attached to the inside of Plaintiff's locker.

14   Plaintiff is gay, and the pictures mostly depicted men.  None of the men in the pictures were

15   nude or posing in a provocative manner.  Defendants falsely accused Plaintiff of having

16   nude pictures of underage persons.  When Plaintiff returned to his locker a short time after

17   the search, the pictures had been removed by Defendant Rains, who later destroyed them.

18   (Complaint at 4.)

19        Later that day, Plaintiff was issued an Incident Report and charged with violation of

20   BOP Code 305 (possession of anything unauthorized) and 330 (being unsanitary or untidy).

21   Five days later, on January 26, 2012, the original Incident Report was redrafted to describe

22   the incident differently, and Plaintiff was charged with the same rules violations.  (Complaint

23   at 4, 8.)

24        As a result of the Incident Report, the following disciplinary sanctions were imposed

25   on Plaintiff: Code 305 – 60 days loss of commissary privileges and 30 days loss of

26   telephone access; Code 330 – 30 days loss of commissary privileges, 30 days loss of

27   visiting privileges, and 180 days loss of preferred housing.  (Complaint at 4-5.)

28

Plaintiff pursued his administrative appeals.  Defendants violated numerous BOP regulations governing the appeals process.  (Complaint at 5, 8, 9.)

After completing 90 days of restrictions, and within one week of the lifting of the commissary restrictions, Plaintiff was selectively targeted by Defendants with a thorough locker search while Plaintiff was in the shower.  As a result of that search, a new Incident Report was issued and Plaintiff was charged with three additional rules violations.  This second search was in retaliation for Plaintiff's exercise of his First Amendment right to file a grievance.  (Complaint at 5, 9-10.)

Claim One:  Defendants Magana, Harris and Rains retaliated against Plaintiff for filing an appeal of the January 26, 2012, Incident Report by filing the May 4, 2012, Incident Report.  (Complaint at 7, 8-10.)

Claim Two: Defendants Magana, Harris, Rains, and Velasco violated Plaintiff's due process rights by making false, inaccurate and misleading statements in the May 4, 2012, Incident Report.  (Complaint at 7, 11-24.)

Claim Three: Defendants Magana and Martinez violated Plaintiff's Eighth Amendment rights when they confiscated Petitioner's medically prescribed second pillow for his serious medical need.  (Complaint at 7, 25-27.)

Claim Four: Defendant Murphy violated Plaintiff's First Amendment "protections from threats that are intended to have a chilling effect on [Plaintiff's] free speech rights. (Complaint at 7, 28-29.)

## DISCUSSION

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

### I.    Sovereign Immunity

All of the named Defendants are BOP employees stationed at FCI-Lompoc.  All Defendants are named in their individual and official capacities.  (Complaint at 6.)  Plaintiff seeks only damages.  (Complaint at 30-32.)

1     A suit against the individual Defendants in their official capacities is tantamount to a

2  suit against the United States.  As a sovereign, the United States is immune from suit

3  unless it expressly waives its immunity and consents to be sued.  Gilbert v. DaGrossa, 756

4  F.2d 1455, 1458 (9th Cir.1985). The United States has not waived its sovereign immunity for

5  suits seeking money damages under Bivens.  Arnsberg v. United States, 757 F.2d 971, 980

6  (9th Cir. 1984) (". . . Bivens does not provide a means of cutting through the sovereign

7  immunity of the United States itself."); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir.

8  1995).  Thus, Plaintiff cannot bring a civil rights claims for damages against the individual

9  Defendants in their official capacities because they are immune from suit.  See Gilbert, 756

10  F.2d at 1458.

11     Again, Plaintiff is only seeking damages.  If Plaintiff chooses to file an amended

12  complaint, he should not sue Defendants in their official capacities.  See Consejo de

13  Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir.

14  2007); Bruns v. National Credit Union Admin., 122 F.3d 1251, 1255 (9th Cir. 1997); Vaccaro

15  v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Federal Deposit Ins. Corp. v. Meyer, 510 U.S.

16  471, 484-86 (1994).

17  **II.**    **Allegations Against Particular Defendants**

18     Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff

19  nonetheless must allege a minimum factual and legal basis for each claim that is sufficient

20  to give each defendant fair notice of what plaintiff's claims are and the grounds upon which

21  they rest.  Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

22     Plaintiff frequently identifies the particular affirmative acts or omissions allegedly

23  perpetrated by individual Defendants, but there are many instances where Plaintiff simply

24  refers to unspecified "Defendants" as having caused the deprivation of constitutional rights

25  of which Plaintiff complains.  Plaintiff must specify which Defendants allegedly committed

26  which acts in order to provide them with adequate notice of the allegations against them.

27

28

### III.   Motion to Amend

On August 13, 2012, Plaintiff filed a Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)(2), in which he attempts "to further establish and substantiate his allegations of harassment and retaliation against him by Defendant Mangana."  However, the proposed "First Amendment" lodged therewith is not a complete pleading, but a one page document with three exhibits attached.  Plaintiff has failed to comply with Local Rule 15-2, which requires that every amended pleading "shall be complete including exhibits" and "shall not refer to the prior, superseded pleading."  Accordingly, the Motion to Amend is denied. However, Plaintiff may include any new supporting factual allegations and exhibits with his First Amended Complaint, as ordered below.

* * * * * * * * *

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.  Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the factual basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous Complaint or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

1    **Plaintiff is admonished that, if he fails to file a First Amended Complaint by the**

2    **deadline set herein, the Court will recommend that this action be dismissed for**

3    **failure to prosecute and for failure to comply with a Court order.**

4

5    DATED: September 27, 2012                    _/s/ John E. McDermott_

6                                                 JOHN E. MCDERMOTT
                                                  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28