# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAHID SHABAZZ, | Case No. CV 12-5803-SVW (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| MAYOR R. REX PARRIS, et al., | |
| Defendants. | |

On July 5, 2012, Wahid Shabazz ("Plaintiff"), a state prisoner proceeding pro se, lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971). On October 16, 2012, Plaintiff filed a First Amended Complaint ("FAC").

**SCREENING STANDARDS**

In accordance with the provisions governing <u>in forma pauperis</u> proceedings, the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by

amendment should the complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff names the following Defendants: R. Rex Parris, Mayor of the City of Lancaster; William Pickett, Los Angeles County Sheriff's Department ("LACSD") Detective; Anthony Delia, LACSD Detective; Daneil Farrell, LACSD Detective; Greg Conners, "Government Agent"; Mike Thompson, LACSD Detective; and Kevin Radisay, "Head of Government ICE Agency." All Defendants are named in their individual and official capacities. (FAC at 6-7.)

Plaintiff alleges the following in the FAC:

LACSD officers, DEA agents, and other federal officers were assigned to cases against Plaintiff beginning in December 2008. "But they were unable to obtain evidence needed to support their theories." Because these officers and agents knew that Parris, the Attorney General's Office, and the Department of Justice "regularly participated in a pattern of racketeering activity to violate citizen rights and obstruct justice, these officers felt secure in committing acts in violation of federal and state criminal statu[t]es." These officers and agents know they will not be investigated or prosecuted by other state and federal law enforcement agencies. "These officers and agents, with the assistance of [Parris] and other known and unknown officers and agents [were] allowed to operate with the impunity of law and are rewarded for conviction and protected if ever caught by parties outside of state officers and the DOJ with this knowledge. (FAC at 2.)

In February 2009, Plaintiff traveled from Las Vegas to Lancaster, and was visiting family members. On February 28, 2009, a search warrant was executed by LACSD officers at the house where Plaintiff was staying. Detective Daneil Farrell searched Plaintiff's car, which was parked across the street. This search was outside the scope of the warrant.

3

Farrell said he found one ecstasy pill in the drunk. Farrell seized $1732.00 from Plaintiff's pocket. Plaintiff was arrested for possession of a controlled substance. When Plaintiff was released, the money was not returned to him. Plaintiff filed a complaint with the internal affairs office, after which Farrell threatened Plaintiff for filing the complaint and told him to go back to Las Vegas. (FAC at 31.)[1] Farrell "[t]hreaten[ed] using racial comment, discrimination based on color, race, religion giving false testimony/statement to falsely convict innocent people under oath." (FAC at 7.)

On June 29, 2010, Detectives Mike Thompson and Delia conducted an unreasonable search of Plaintiff outside his home. Plaintiff's house also was searched without a warrant. (FAC at 27, 32.) Thompson "us[ed] racial comments, r[a]cial discrimination based on color, race, religion giving false testimony under oath, false statements to an government agent." (FAC at 7.) Thompson "gave false testimony/statements to governments to obtain a false[] indictment on a false[]investigation, used racial comment[s] and racial discrimination based on race, re[li]gion." (FAC at 32.)

On August 4, 2010, Plaintiff and more than forty others were indicted on federal drug charges. On August 10, 2010, Plaintiff and numerous co-defendants were arrested on those charges. Following the arrests, R. Rex Parris, the Mayor of Lancaster, made statements during a press conference about eradicating gangs from the Lancaster community. "The Mayor used his position to racial discrimination, threaten and engineer a criminal investigation by directing with controll[ed] buys criminal enterprise." (FAC at 6.) Parris and the Lancaster/Palmdale Division of LACSD and other "government agents" set up 43 innocent people by using confidential informants to do controlled narcotics buys. Deputies gave false statements under oath "in many other proceedings." The purpose was "to run African American and Latina's out of Lancaster/Palmdale, Calif. with force or false conviction . . . ." (FAC at 1.)

---

[1] The Court has numbered the pages of the FAC sequentially.

On or about May 28, 2009, a telephone conversation between Detective William Pickett and Plaintiff's co-defendant Jayvon Thomas was recorded, in which Pickett indicates that Parris had given him "the green light to takedown 80 to 100 people any way he could without reasons." (FAC at 15.) Pickett told Thomas "that he was going to set [Thomas] up on a drug case if he don't leave." (FAC at 6.)

In or about March 2010, Detective Delia "lie[d] and gave false testimony/statements to federal agents to obtain a federal investigation/indictment on 43 innocent people without reasons other than racial and discrimination based on race an[d] religion." (FAC at 26.) Delia "[u]sed racial comment gave false evidence to arrest innocent people discrimination threatening African American if they don't leave they will put false charges." (FAC at 6.)

Greg Conners, a "Los Angeles Fe[d]eral Government Agent," "gave false testimony/statements to the federal Courts to obtain an indictment engineered and directed a criminal enterprise with controlled buys with an government confidential informant, taken his information from the sheriff detective that was racis[t], and disc[r]imination on African American[s] trying to force them out of town with investigating the source of the information placed an investigation and indictment on 43 innocent people without doing his job as a government agent." (FAC at 33.) Conners "[g]ave false testimony/statements under [oath] to obtain a falsely indictment on 43 people engineer and d[i]rected a criminal drug enterprise." (FAC at 7.)

On a date unknown, Kevin Radisay "come on to an falsely charges without investigating the charges that the Lancaster/Palmdale Sheriff's told them out an indictment." (FAC at 7.)

**DISCUSSION**

To state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, Plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an

affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Plaintiff must allege how each individual Defendant personally participated in the deprivation of Plaintiff's constitutional rights. General allegations of wrongdoing are insufficient.

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.    Plaintiff Must Name All Defendants in the Caption**

Plaintiff names only Defendant Parris in the caption of the Complaint. The remainder of the Defendants, who are named only in the body of the Complaint, have not been presented properly as parties. If Plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

**II.   Plaintiff's Claims Appear to Be Barred by Heck v. Humphrey**

Plaintiff is in custody at the Los Angeles Metropolitan Detention Center in connection with federal criminal charges that were brought against him and numerous others.[2] On

---

[2] Plaintiff and three other co-defendants Bland, McGee and Thomas previously attempted to file two separate "class actions" based on the same charges set forth here, in Case Nos. CV 12-7988-UA (MAN), and CV 12-6846 -UA (MAN). In both of these cases, the

August 4, 2010, Plaintiff and his co-defendants were indicted on charges of conspiracy to distribute, possession with intent to distribute, distribution of crack cocaine, and other related charges. Plaintiff was arrested and arraigned on August 10, 2010. Several co-defendants have pled guilty and been sentenced. On October 5, 2012, Plaintiff pled guilty to one count of distribution of, and possession with intent to distribute, crack cocaine. He is scheduled to be sentenced January 7, 2013. See dockets in Case Nos. CR 10-0861-PSG and CR 10-0862-PSG.

Plaintiff's claims in the FAC appear to be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court held that if a judgment in favor of a plaintiff on his civil rights claim necessarily will imply the invalidity of his conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. Id. at 486-87; see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (clarifying that the Heck rule applies regardless of the form of remedy sought); Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's civil rights claims for false arrest and false imprisonment until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). The Heck rule prevents a person from bringing a claim that, even if it does not directly challenge the conviction, would imply that the conviction was invalid. Thus, the Heck rule also applies to Fourth Amendment claims based on allegations of unlawful search and seizure of property. See Whitaker v. Garcetti, 486 F.3d 572, 583-84 (9th Cir. 2007) (Heck bars a plaintiff's claims challenging the search and seizure of evidence upon which his criminal charges and convictions were based); Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000) (same).

---

plaintiffs' requests to proceed without prepayment of the filing fee were denied and the cases were closed.

Plaintiff appears to allege that he has been falsely indicted in connection with the above-noted federal criminal charges based on the actions of the named defendants. Defendants' allegedly wrongful actions are stated to include providing false information to government agents, providing false testimony to judges and grand juries, making arrests based on false charges, and committing various Fourth Amendment violations, all of which appear to be related to the federal crimes of which he was just convicted. The allegations in the FAC bear on the validity of Plaintiff's federal conviction and impending sentence. Plaintiff's conviction and sentence have not been reversed, expunged, or otherwise invalidated. Accordingly, it appears that Plaintiff's claims are barred by Heck.

**III. Plaintiff's Claims Arising From Allegedly False Testimony Are Not Cognizable**

To the extent that Plaintiff's claims rest on allegedly false testimony provided by the Defendants before grand juries and judges, the claims are not cognizable. Defendants are entitled to absolute immunity for their testimony as witnesses. See Briscoe v. LaHue, 460 U.S. 325, 335-36 (1983); McSherry v. City of Long Beach, 584 F.3d 1129, 1147 (9th Cir. 2009); Paine v. City of Lompoc, 264 F.3d 975, 980-81 (9th Cir. 2001); see also Franklin v. Terr, 201 F.3d 1098, 1101 (9th Cir. 2000) (such immunity applies even if the complaint includes allegations of conspiracy to provide perjured testimony). Plaintiff's false testimony allegations cannot serve as a basis for liability under Section 1983 or Bivens and, thus, fail to state a claim upon which relief can be granted.

**IV. Plaintiff's Claims Against Federal Agents Sued In Their Official Capacities Are Barred By Sovereign Immunity**

In the body of the Complaint, Plaintiff names Kevin Radisay, "Head ICE Agent," in his official capacity.[3] The Bureau of Immigration and Customs Enforcement ("ICE") is a federal agency, and a suit against Radisay in his official capacity is tantamount to a suit against the United States. As a sovereign, the United States is immune from suit unless it expressly waives its immunity and consents to be sued. Gilbert v. DaGrossa, 756 F.2d 1455, 1458

---

[3] Plaintiff also identifies Defendant Greg Conners as a "Government Agent," but he fails to specify whether Conners is a federal, state, or local government agent.

(9th Cir.1985). The United States has not waived its sovereign immunity for suits seeking money damages under Bivens. Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984) (". . . Bivens does not provide a means of cutting through the sovereign immunity of the United States itself."); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995). Thus, Plaintiff cannot bring a civil rights claims for damages against Radisay in his official capacity because he is immune from suit. See Gilbert, 756 F.2d at 1458.

If Plaintiff chooses to file an amended complaint, he should not name Radisay, or any other federal agency or federal employee in his official capacity, as a defendant to any claim for damages. See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007); Bruns v. National Credit Union Admin., 122 F.3d 1251, 1255 (9th Cir. 1997); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994).

**V.     Plaintiff Has Failed to State a Monell Claim Against the Individual Local and County Agents in their Official Capacities**

The remaining defendants appears to be county or local agents, all of whom are named in their individual and official capacities. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159. Thus, Plaintiff's official capacity claims against LACSD officers and the Mayor of Lancaster are tantamount to suits against Los Angeles County and the City of Lancaster.

The Supreme Court has held that a local government entity such as Los Angeles County or the City of Lancaster "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible

under § 1983." Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 694 (1978). Los Angeles County and the City of Lancaster cannot be held liable for the alleged actions of its officers unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries about which Plaintiff is complaining. Rather, Plaintiff's allegations are generalized, speculative, conclusory, and vague. The Court, therefore, finds that the allegations of the Complaint are insufficient to state a claim upon which relief may be granted against Parris, Pickett, Delia, Farrell, Conners (to the extent he is a local or county officer), and Thompson in their official capacities.

**VI.   Plaintiff Fails to State an Equal Protection Claim**

Plaintiff's claims in the FAC all appear to be premised on alleged violations of his equal protection rights, under a theory of selective prosecution. Plaintiff claims that he and others who were arrested in the August 2010 gang sweep were arrested and prosecuted based on their race and religion, rather than based on the commission of the charged crimes. The proposed Complaint, however, fails to allege a cognizable equal protection-based civil rights claim.

Although "the decision whether to prosecute may not be based on an unjustifiable standard, such as race, religion, or other arbitrary classification," a plaintiff claiming an equal protection violation based on a selective enforcement theory must "demonstrate that the administration of a criminal law is directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive that the system of prosecution amounts to a practical denial of equal protection of the law." United States v. Armstrong, 517 U.S.

456, 464-65 (1996) (quotations and citation omitted). "The [plaintiff] must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." Id. at 465; see also Wayte v. United States, 470 U.S. 598, 608 (1985). To allege the requisite discriminatory effect, a complaint must plead facts "demonstrating 'that similarly situated defendants . . . could have been prosecuted, but were not.'" Lacey v. Maricopa County, __ F.3d __, 2012 WL 3711591, at *14 (9th Cir. Aug. 29, 2012) (en banc) (quoting Armstrong, 517 U.S. at 469); see also Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995) ("it is necessary to identify a 'similarly situated' class against which the plaintiff's class can be compared").

The FAC does not satisfy these requirements. Plaintiff does not allege that other persons of different races and/or religions could have been charged with and prosecuted for the same federal crimes but were not. The crux of the selective enforcement claim asserted by Plaintiff is the differential treatment of similarly situated persons, yet the FAC lacks any allegations in this respect. Rather, Plaintiff appears to contend that he should not have been arrested and prosecuted at all. This contention is foreclosed due to Plaintiff's guilty plea. Moreover, it does not state a cognizable equal protection violation, and no claim for which relief can be granted has been stated for purposes of section 1983 and Bivens.

**VII. Plaintiff Fails to State a Fourth Amendment Claim**

Plaintiff appears to allege that on two separate occasions, he was subject to illegal searches and seizures in violation of the Fourth Amendment. Even if Plaintiff's Fourth Amendment claims are not barred by Heck, his allegations are too conclusory and lacking in sufficient factual basis to state a claim for relief that is plausible on its face. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

* * * * * * * * *

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Plaintiff must name separately each individual defendant against whom

1  he brings his claims, identify clearly the factual basis for each of his claims, and articulate
2  the connection between each named defendant and each claim.  Plaintiff also must allege
3  facts demonstrating that his claims are not barred by Heck, sovereign immunity, or other
4  legal impediments, as discussed above.
5       If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the
6  docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be
7  filled out exactly in accordance with the directions on the form; and (4) be complete in and of
8  itself without reference to the FAC or any other pleading, attachment or document.  The
9  Clerk is directed to provide Plaintiff with a blank Central District of California civil rights
10 complaint form, which Plaintiff must fill out completely and resubmit.
11      **Plaintiff is admonished that, if he fails to file a Second Amended Complaint by**
12 **the deadline set herein, the Court will recommend that this action be dismissed for**
13 **failure to prosecute and failure to comply with a Court order.**

15 DATED: November 2, 2012                    /s/ John E. McDermott
                                              JOHN E. MCDERMOTT
16                                            UNITED STATES MAGISTRATE JUDGE