1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAHID SHABAZZ,<br><br>              Plaintiff,<br><br>      v.<br><br>MAYOR R. REX PARRIS, et al.,<br><br>              Defendants. | Case No. CV 12-5803-SVW (JEM)<br><br>MEMORANDUM AND ORDER<br>DISMISSING SECOND AMENDED<br>COMPLAINT WITH LEAVE TO AMEND |

On July 5, 2012, Wahid Shabazz ("Plaintiff"), a state prisoner proceeding pro se, lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

On September 27, 2012, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend.  On October 16, 2012, Plaintiff filed a First Amended Complaint.

On November 2, 2012, the Court issued a Memorandum and Order Dismissing First Amended Complaint With Leave to Amend.  On November 19, 2012, Plaintiff filed a Second Amended Complaint ("SAC").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the SAC before ordering service to determine whether the action: (1) is

1  frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

2  monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §

3  1915(e)(2).  This screening is governed by the following standards:

4         A complaint may be dismissed as a matter of law for failure to state a claim for two

5  reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

6  alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,

7  901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

8  which relief may be granted, allegations of material fact are taken as true and construed in

9  the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

10  1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

11  allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of

12  a civil rights complaint may not supply essential elements of the claim that were not initially

13  pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

14  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

15         Although a complaint "does not need detailed factual allegations" to survive

16  dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

17  recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

18  550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in

19  Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations

20  sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely

21  possible or conceivable.  Id. at 557, 570.

22         Simply put, the complaint must contain "enough facts to state a claim to relief that is

23  plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents

24  enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v.

25  Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks

26  for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint

27  that pleads facts that are merely consistent with liability stops short of the line between

28  possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the SAC under the relevant standards and for the reasons discussed below, the Court finds the SAC must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff identifies the following Defendants in the SAC: R. Rex Parris, Mayor of the City of Lancaster; William Pickett, Los Angeles County Sheriff's Department ("LACSD") Detective; Anthony Delia, LACSD Detective; Daneil Farrell, LACSD Detective; and Mike Thompson, LACSD Detective.  All Defendants are named in their individual capacities.  (SAC at 3-4.)

Plaintiff alleges claims for violation of his First Amendment right to free exercise of religion and his Fourth Amendment right to be free of illegal searches and seizures.  (SAC at 5.)

Plaintiff alleges the following in the SAC:

Mayor Parris violated Plaintiff's First Amendment rights by "prohibiting the free exercise of religion, and to live where I want to live."  (SAC at 5.)

Defendants Delia, Farrell, and Thompson violated Plaintiff's First Amendment right to the free exercise of religion and his Fourth Amendment Right to be free of unreasonable searches and seizures.  Defendants used racial and religious slurs against Plaintiff on June 29, 2010, when they searched Plaintiff's private business relating to alleged narcotics trafficking.  Defendants acted without a warrant and without probable cause, and used unreasonable force in effecting the arrest by strip searching him.  (SAC at 5.)

On August 4, 2010, Plaintiff and more than forty other individuals were indicted on federal drug charges.  (See United States v. Logan, et al., C.D. Cal. Case No. CR 10-0862-PSG ("Criminal Case"), Docket No. 1.)  On August 10, 2010, Plaintiff and numerous co-defendants were arrested on those charges.  (Criminal Case, Docket No. 78.)

On October 5, 2012, Plaintiff entered a guilty plea to count five of the indictment, which charges him with violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (distribution of cocaine base in the form of crack cocaine).  (Criminal Case, Docket No. 450.)

Plaintiff's sentencing in the Criminal Case has been continued to May 20, 2013. (Criminal Case, Docket No. 514.)

**DISCUSSION**

To state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, Plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'"  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Plaintiff must allege how each individual Defendant personally participated in the deprivation of Plaintiff's constitutional rights.  General allegations of wrongdoing are insufficient.

The Court, having reviewed the SAC pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.      Plaintiff Must Name All Defendants in the Caption**

Plaintiff names only Defendant Parris in the caption of the SAC.  The remainder of the Defendants, who are named only in the body of the SAC, have not been presented properly as parties.  If Plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim.  See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption).  The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

**II.     Plaintiff's Fourth Amendment Claim Appears to Be Barred by Heck v. Humphrey**

Plaintiff is in custody at the Los Angeles Metropolitan Detention Center in connection with the Criminal Case brought against him and numerous others.[1]  On August 4, 2010, Plaintiff and his co-defendants were indicted on charges of conspiracy to distribute, possession with intent to distribute, distribution of crack cocaine, and other related charges. Plaintiff was arrested and arraigned on August 10, 2010.  Several co-defendants have pled guilty and been sentenced.  On October 5, 2012, Plaintiff pled guilty to one count of distribution of, and possession with intent to distribute, crack cocaine.  He is scheduled to be sentenced May 20, 2013.  (See Criminal Case, Docket Nos. 1, 78, 450, 514.)

Plaintiff's Fourth Amendment claim appears to be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  In Heck, the Supreme Court held that if a judgment in favor of a plaintiff on his civil rights claim necessarily will imply the invalidity of his conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated.  Id. at 486-87; see also Edwards v.

---

[1]  Plaintiff and three other co-defendants Bland, McGee and Thomas previously attempted to file two separate "class actions" based on the same charges set forth here, in Case Nos. CV 12-7988-UA (MAN), and CV 12-6846 -UA (MAN).  In both of these cases, the plaintiffs' requests to proceed without prepayment of the filing fee were denied and the cases were closed.

1   <u>Balisok</u>, 520 U.S. 641, 648 (1997) (clarifying that the <u>Heck</u> rule applies regardless of the

2   form of remedy sought); <u>Guerrero v. Gates</u>, 442 F.3d 697, 703 (9th Cir. 2006) (<u>Heck</u> barred

3   plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy

4   among police officers to bring false charges against him); <u>Cabrera v. City of Huntington</u>

5   <u>Park</u>, 159 F.3d 374, 380 (9th Cir. 1998) (<u>Heck</u> barred plaintiff's civil rights claims for false

6   arrest and false imprisonment until conviction was invalidated); <u>Smithart v. Towery</u>, 79 F.3d

7   951, 952 (9th Cir. 1996) (<u>Heck</u> barred plaintiff's civil rights claims alleging that defendants

8   lacked probable cause to arrest him and brought unfounded criminal charges against him).

9   The <u>Heck</u> rule prevents a person from bringing a claim that, even if it does not directly

10  challenge the conviction, would imply that the conviction was invalid.  Thus, the <u>Heck</u> rule

11  also applies to Fourth Amendment claims based on allegations of unlawful searches and

12  seizures.  <u>See</u> <u>Whitaker v. Garcetti</u>, 486 F.3d 572, 583-84 (9th Cir. 2007) (<u>Heck</u> bars a

13  plaintiff's claims challenging the search and seizure of evidence upon which his criminal

14  charges and convictions were based); <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1015 (9th Cir.

15  2000) (same).

16          To the extent that Plaintiff is alleging that officers engaged in an illegal search and

17  seizure in relation to the criminal charges for which he was ultimately indicted, or that he

18  was falsely indicted, his claims appear to be foreclosed by <u>Heck</u> because he has pled guilty

19  in the Criminal Case.  The allegations in the SAC regarding illegal search and seizure bear

20  on the validity of Plaintiff's federal conviction and impending sentence.  Plaintiff's conviction

21  and sentence have not been reversed, expunged, or otherwise invalidated.  Accordingly, it

22  appears that Plaintiff's Fourth Amendment claim is barred by <u>Heck</u>.

23  **III.    Plaintiff Fails to State a First Amendment Claim**

24          Plaintiff alleges that Defendants interfered with the free exercise of his religion, in

25  violation of the First Amendment.  To the extent that Plaintiff is attempting to bring a claim

26  for violation of the Free Exercise Clause of the First Amendment, he must show that the

27  government action at issue burdened a belief that is both sincerely held and rooted in

28  religious belief.  <u>Shakur v. Schriro</u>, 514 F.3d 878, 884-85 (9th Cir. 2008).  Plaintiff also "must

show (1) that defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith, (2) without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir.1997) (footnote omitted) (citing Turner v. Safley, 482 U.S. 78, 89 (1987).

It is not clear how the Free Exercise is implicated based on the allegations in the SAC.  Plaintiff states that he is Muslim and that the arresting officers used a religious epithet.  (SAC at 5.)  Plaintiff's pleadings are wholly conclusory and he has failed to state any facts demonstrating how the Defendants burdened the practice of his religion or otherwise violated the First Amendment.

**IV.    Plaintiff Fails to State a Fourth Amendment Claim**

Plaintiff appears to allege that he was subject to an illegal search and seizure on June 29, 2010, in violation of the Fourth Amendment.  Even if Plaintiff's Fourth Amendment claim is not barred by Heck, his allegations are too conclusory and lacking in sufficient factual basis to state a claim for relief that is plausible on its face.  See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

Any other claims that Plaintiff may be attempting to bring are unintelligible and/or totally lacking in factual support.

* * * * * * * * *

For the reasons set forth herein, the SAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Third Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.  Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the factual basis for each of his claims, and articulate the connection between each named defendant and each claim.  Plaintiff also must allege facts demonstrating that his claims are not barred by Heck or other legal impediments, as discussed above.

If Plaintiff chooses to file a Third Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Third Amended Complaint"; (3) be filled out

7

exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the SAC or any other pleading, attachment or document.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Third Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

Plaintiff is further admonished that he must comply with the directives set forth in this Order.  Plaintiff already has been granted two opportunities to correct the deficiencies in his pleadings, yet he has failed to do so.  Plaintiff will be afforded one more opportunity to plead a cognizable claim.  If he fails to do so, the Court will recommend that this case be dismissed.


DATED: <u>February 13, 2013 </u>                    <u>        /s/ John E. McDermott        </u>
                                                        JOHN E. MCDERMOTT
                                                        UNITED STATES MAGISTRATE JUDGE